IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sharon Rivera, | ) | Civil Action No. 2:09-cv-1083-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In the above action, Plaintiff Sharon Rivera alleges that she was discriminated against on the basis of sex, race, and national origin. Plaintiff further alleges that she was fired in retaliation for complaining about the alleged discriminatory behavior.

## Background

Before the Court is Defendant South Carolina Department of Correction's motion for summary judgment. (Dkt. No. 29). Plaintiff opposed the motion arguing that multiple factual disputes exist as to whether she was subjected to discrimination and fired in retaliation for her reporting the alleged conduct. (Dkt. No. 38). Defendant filed a reply. (Dkt. No. 40). Following the completion of the summary judgment briefing and oral argument, the United States Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion for summary judgment should be granted in part and denied in part. (Dkt. No. 52). Both Plaintiff and Defendant objected to the R & R. (Dkt. Nos. 56 & 57). Then, Defendant filed a response in opposition to the Plaintiff's objections. (Dkt. No. 68).[1] After having considered the parties' objections and the

---

[1] This Court issued a previous order denying the Defendant's summary judgment motion but vacated it in order to allow the Defendant to respond to Plaintiff's objections. (Dkt.

1

Defendant's reply, and reviewing the Record *de novo*, for the reasons stated herein, this Court only adopts the Magistrate Judge's recommendation in part. As noted herein, this Court is denying Defendant's motion save the request related to the dismissal of Plaintiff's claim for punitive damages.

## Analysis

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. V. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir.1990).

In this action, the Record contains allegations that Plaintiff was subjected to, among other things, the use of the word "nigger" in her presence, comments about working on Confederate memorial day, comments about her cooking plantains and wearing a basket on her head, comments stating that she would be set up with inmates, and she was met with remarks related to her missing work that related to her having children one day. The Court will not recite the entire Record but the above highlights the nature of the allegations in this matter.

Based on the evidence before the Court, taken in a light most favorable to the Plaintiff, the Court finds there are genuine issues of material fact regarding whether Plaintiff was subjected to a hostile and discriminatory work environment that was "severe and pervasive", whether the employer know or should have known of the Plaintiff's

---

No. 64). Rule 72 provides that a party *may* respond to another party's objections. *See* Fed. R. Civ. P. 72(b)(2).

allegedly hostile, discriminatory work environment and whether the employer took prompt and adequate remedial action. *Spicer v. Com. of Va. Department of Corrections*, 66 F.3d 705, 710 (4th Cir.1995); *Katz v. Dole*, 709 F.2d 251, 256 (4th Cir.1983).

Further, like the Magistrate Judge, this Court finds that there are genuine issues of material fact as to whether Plaintiff was fired in retaliation for complaining about the alleged discriminatory behavior. Here, the timing of the events (reporting of conduct and discharge) are so close as to create a question about whether Plaintiff was fired for reporting the alleged behavior to others in the course of her employment. *See Brockman v. Snow*, 217 F. Appx. 201, 206 (4th Cir. 2007).

Finally, the Court also agrees with the Magistrate Judge that the Plaintiff's claim for punitive damages should be dismissed. The law is clear—punitive damages cannot be had against a state agency unless specifically authorized. *See Macmurphy v. South Carolina Dept. of Highways and Public Transp.*, 295 S.C. 49, 367 S.E.2d 150 (S.C. 1988) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)).

## Conclusion

Accordingly, Defendant's motion for summary judgment is denied. (Dkt. No. 29) and Plaintiff's claims for punitive damages are dismissed. The parties are hereby notified that this matter will be tried on or after April 4, 2011.[2] The Court previously issued a separate order regarding the remaining schedule in this case. And in light of the new scheduling order, the Court also deems the pending motions to compel moot. (*See* Dkt. Nos. 18 & 51). The parties are ordered to cooperate in discovery and the Court is

---

[2] This Court has granted Defendant's counsel protection from any hearings or trials from March 24 until April 1, 2011. (Dkt. No. 67).

providing the parties additional time to engage in discovery in order to prepare this case for trial.

    **AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 2, 2011
Charleston, South Carolina

4